# United States District Court
# Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| **Hector Enrique-Garcia, et al** | **Plaintiffs** \| | **Civil Action No.** |
| vs. | \| | **6:25-cv-34** |
| | \| | |
| **O. Rea & Sons Harvesting & Hauling, Inc.** | **Defendants** \| | |
| **Oswaldo Rea, Individually** and | \| | |
| **Yesenia Merino, Individually** | \| | |

## Waiver of Service of Summons
## for Defendant, Oswaldo Rea

TO:   Dawson Morton, Esq. & James Knoepp, Esq.
      Email: Dawson@dawsonmorton.com, Jim@dawsonmorton.com
      Counsel for Plaintiffs

By receipt of Plaintiff's request that Defendant, **Oswaldo Rea, Individually** waive service of a summons in the above-styled action, the undersigned has also received a copy of the Complaint (Doc.#1), Summons (Doc. #2), and Rule 26 Instruction Order (Doc #3) and formally waives its right to be served with two copies of this instrument, and a means by which the signed or filed waiver can be returned to Plaintiff without cost.

Defendant agrees to save the cost of service of the summons and an additional copy of the complaint in this lawsuit by not requiring that Defendant be served with judicial process in the manner provided by *Rule 4* of the *Federal Rules of Civil Procedure*.

Defendant will retain all defenses or objections to the lawsuit of the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

**Defendant understands that a judgment may be entered against it if an answer or motion under *Rule 12* of the *Federal Rules of Civil Procedure* is not**

Waiver of Service of Summons                                                Page 1 of 2
Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al
U.S. District Court, S.D.Ga., Statesboro Division Case # 6:25-cv-34

served upon Plaintiffs' counsel within 60 days after May 13, 2025, the date of the undersigned's receipt of Plaintiffs' Counsel's email requesting that Defendant acknowledge service of the Complaint and accompanying documents listed above, with July 14, 2025 being the first business day after the 60th day after Plaintiffs' Counsel's Request.

This day, May 16, 2025.

Gannam, Gnann & Steinmetz, LLC

By:   Christian J. Steinmetz III
Georgia Bar No. 278260

Post Office Box 10085
Savannah, Georgia 31412-0285          Attorneys for Defendant
Tel:   912.232.1192                    Oswaldo Rea, Individually
Email: cjs@ggsattorneys.com

**Duty to Avoid Unnecessary Costs of Service of Summons**

*Rule 4* of the *Federal Rules of Civil Procedure* requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint.  A Defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a Summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes the Complaint is unfounded, or that the action has been brought in an improper place or in a Court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the Summons retains all the defenses and objections (except any relating to the Summons or service of the Summons) and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A Defendant who waives service must, within the time specified on the waiver form, serve on the Plaintiff's attorney (or a Plaintiff, if *Pro Se'*) a response to the Complaint and must also file a signed copy of the response with the Court.  If the Answer or Motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Waiver of Service of Summons                                                Page 2 of 2
Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al
U.S. District Court, S.D.Ga., Statesboro Division Case # 6:25-cv-34