IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| HECTOR ENRIQUE-GARCIA, BALTAZAR ENRIQUE-GARCIA, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>O. REA & SONS HARVESTING & HAULING, INC., OSWALDO REA, individually, YESENIA MERINO, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 6:25-cv-00034-JRH-BKE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT**

Defendants and Plaintiffs have agreed to resolve all claims asserted in the Complaint, including: (1) wage claims under the Fair Labor Standards Act (FLSA) asserted in Count I of the Complaint, (2) wage claims asserted in Count II of the Complaint under a breach of contract theory related to work in Georgia, and (3) wage claims asserted in Count III of the Complaint under a breach of contract theory related to work in North Carolina. (ECF No. 1.) A copy of the parties' Settlement Agreement is attached as Exhibit 1. A copy of the proposed Judgment dismissing the case is attached as Exhibit 2. The parties previously requested that the Court stay all deadlines in the case pending presentation and resolution of this joint motion for approval, which was granted by the Court on July 2, 2025. (ECF No. 8.)

**I.    BACKGROUND**

Plaintiffs filed their Complaint on May 2, 2025. (ECF No. 1.) Plaintiffs allege that Defendants violated their rights under the FLSA and breached their employment contracts when they were employed as H-2A temporary agricultural workers during the 2021, 2022, and 2023

1

harvest seasons. Specifically, with respect to the FLSA, Plaintiffs allege that Defendants (1) did not properly reimburse them for pre-employment expenses they incurred that were for the benefit of Defendants resulting in them earning less than the FLSA minimum wage for their first workweeks during the 2022 and 2023 seasons;[1] and (2) did not include time spent traveling on a daily basis between fields as compensable work time. *See Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237-44 (11th Cir. 2002) (finding FLSA violated when H-2A workers not reimbursed for certain pre-employment expenses). Separately, Plaintiffs also allege that Defendants breached their H-2A employment contracts by: (1) not reimbursing them properly for their pre-employment expenses; (2) not including time spent traveling on a daily basis between fields as compensable work time; and (3) paying them the H-2A wage rate for Georgia instead of the higher H-2A wage rate for North Carolina when they worked in North Carolina.

Shortly after the Complaint was filed the Defendants, through counsel, agreed to waive formal service. Defendants then proposed early resolution of the case and made a settlement offer to each Plaintiff to resolve their FLSA and contract claims and a separate offer with respect to Plaintiffs' attorneys' fees. Plaintiffs' counsel asked Defendants to produce complete payroll records related to the Plaintiffs' employment in order to evaluate the offers, which Defendants provided. Counsel reviewed those documents in consultation with the Plaintiffs and Plaintiffs agreed to Defendants' settlement offer with respect to their claims. Plaintiffs' counsel agreed to Defendants' separate proposal related to attorneys' fees.

**II.   The Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the

---

[1] The FLSA has a two-year statute of limitations which can be extended to three years for willful violations. *See* 29 U.S.C. § 255(a). Plaintiffs alleged that Defendants willfully violated the FLSA which, if proven, would allow them to recover on FLSA claims for the 2022 and 2023 seasons, but not the 2021 season.

parties request a fairness determination as to the Fair Labor Standards Act count and Court approval of their settlement. *Id.* at 1353 ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). A FLSA fairness determination is appropriate here where all parties are represented by counsel who have engaged in arm's-length negotiations involving a bona fide dispute. *Id.* at 1354; *Giagnacovo v. Covanta Envtl. Sols., LLC*, No. CV 229-066, 2020 U.S. Dist. LEXIS 72713, at *2 (S.D. Ga. Apr. 24, 2020); *Marshall v. Good Vocations, Inc.*, No. CV 111-200, 2013 U.S. Dist. LEXIS 13480, at * 2-3 (S.D. Ga. Jan. 31, 2013).

### A.   Bona Fide Dispute

"Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions." *Giagnacovo*, 2020 U.S. Dist. LEXIS 72713, at *3 (citing *Lynn's Food Stores*, 679 F.2d at 1354-55). There are several bona fide disputes here. First, the parties dispute whether Plaintiffs were fully reimbursed for their pre-employment expenses. Second, the parties dispute whether certain of Plaintiffs' pre-employment expenses were eligible for reimbursement pursuant to the FLSA. Third, the parties dispute whether the individual Defendants are liable to the Plaintiffs pursuant to the FLSA. Fourth, the parties dispute whether Defendants acted willfully within the meaning of the FLSA such that a longer statute of limitations would apply. Finally, the parties dispute whether Defendants properly recorded and paid the Plaintiffs for all of the hours they worked and whether certain travel time was compensable time pursuant to the FLSA and whether there were any FLSA violations given that Plaintiffs' hourly wage rate was higher than the FLSA minimum wage. In addition, "Plaintiff[s] [are] represented by counsel providing some assurance

of a true conflict." *Giagnacovo*, 2020 U.S. Dist. LEXIS 72713, at *4. Defendants maintain they are not liable to the Plaintiffs under the FLSA and admit no wrongdoing but wish to avoid the time and expense associated with litigation.

### B.     Fairness and Reasonableness of Settlement

Courts "apply a strong presumption of fairness to FLSA settlements." *Id.* at *5. The proposed settlement here is not actually a compromise of Plaintiffs' FLSA claims because they are receiving complete relief plus complete liquidated damages for all back wages that may be owed pursuant to the FLSA. The proposed agreement pays each Plaintiff $10,000 to settle both their FLSA claims and their breach of contract claims. With respect to the FLSA claims, Plaintiffs' counsel—who have significant experience representing migrant workers in similar cases—reviewed the payroll records provided by Defendants and information alleged by Plaintiffs with respect to the pre-employment expenses they incurred to obtain H-2A visas and travel to the United States to work for the Defendants. (Declaration of James Knoepp ¶¶ 7-9) (attached as Exhibit 3). The settlement amounts to be paid by Defendants fully compensate Plaintiffs for their FLSA claims and provide them with full liquidated damages on their FLSA claims. (Ex. 3 - Knoepp Decl. ¶ 9.) The settlement amounts also provide additional compensation to resolve Plaintiffs' breach of contract claims for alleged damages not covered by their FLSA claims, which do not require court approval.

### C.     Fairness and Reasonableness of Fees and Costs

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [the court shall] allow a reasonable attorney's fee to be paid to by the defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreement provides for a payment of $10,000 in costs and attorneys' fees to be paid to Plaintiffs' counsel. That amount was offered

separately by the Defendants and accepted by Plaintiffs' counsel separately from the settlement offers proposed to and accepted by the Plaintiffs and was not based on the amounts being paid to the Plaintiffs. (Ex. 3 - Knoepp Decl. ¶ 7.) Plaintiffs' recovery has not been diminished by the payment of attorneys' fees and costs, which are separate from the amounts being paid to Plaintiffs. (Ex. 3 - Knoepp Decl. ¶ 11.) In such a case where "the parties represent 'that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless . . . there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney,' the Court should approve the fee settlement agreement." *Norman v. BPR Brampton, LLC*, No. 6:20-cv-95, 2021 U.S. Dist. LEXIS 127528, at *13 (S.D. Ga. July 8, 2021) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

      The amount of attorneys' fees is fair and reasonable in this case. Plaintiffs' counsel, who both speak English and Spanish and communicate only in Spanish with the Plaintiffs, each have more than 25 years of experience representing migrant workers in similar cases, having each worked at non-profits for long periods of time handling similar matters. (Ex. 3 - Knoepp Decl. ¶¶ 2-6); (Declaration of Dawson Morton ¶¶ 2-5) (attached as Ex. 4). Plaintiffs' counsels' contemporaneous time records show that counsel has expended 47.5 hours to date on this case. (Ex. 3 - Knoepp Decl. ¶ 10.) That includes 31.6 hours interviewing the Plaintiffs, conducting factual investigation, legal research, and preparing and filing the Complaint, and 15.9 hours working on issues related to settlement, including the preparation of this joint motion. (Ex. 3 - Knoepp Decl. ¶ 10.) When analyzed under the lodestar method, Plaintiffs' counsel has essentially agreed to waive a substantial portion of their potential FLSA fee entitlement in order to quickly resolve this matter for the Plaintiffs. For example, this Court recently approved a

FLSA settlement using an hourly rate of $435 for an attorney with similar years of experience as Plaintiffs' counsel, although there was no indication that attorney was also bilingual. *Gu v. Mirin Asian Fusion, Inc.*, No. CV 124-078, 2025 U.S. Dist. LEXIS 79257, at *2-3 (Apr. 25, 2025). Plaintiffs' counsel have been awarded higher hourly rates, but that is not relevant here given that the $10,000 in fees is only approximately one-half of the lodestar at even a $435/hour rate.

The only costs incurred to date with respect to the case was the $405 filing fee. (Ex. 3 - Knoepp Decl. ¶ 11.)  That expense will be paid from the $10,000 costs and attorneys' fee payment such that Plaintiffs' recovery will not be diminished. (Ex. 3 - Knoepp Decl. ¶ 11); *see Giagnacovo*, 2020 U.S. Dist. LEXIS 72713, at *8 (finding that payment of filing fee cost of $400 reasonable).  The attorneys' fees and costs set forth in the settlement agreement should be approved as fair and reasonable.

### D.     Other FLSA Concerns

This Court and others in the 11th Circuit have raised concerns when reviewing the fairness and reasonableness of FLSA settlements with agreements that provide for general releases and confidentiality provisions that run counter to the purposes of the FLSA. *See, e.g.*, *Giagnacovo*, 2020 U.S. Dist. LEXIS 72713, at *9; *Brantley v. Ferrell Elec, Inc.*, No. 1:14-cv0-22, 2016 U.S. Dist. LEXIS 133665, at *4-9 (S.D. Ga. Sept. 28, 2016); *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).  The parties' agreement here has no confidentiality provision and the release of claims provided by the Plaintiffs is limited to their FLSA claims and the breach of contract claims they asserted in their Complaint.

## III.    CONCLUSION

The parties' settlement of the FLSA claims "represents a reasonable compromise of disputed issues." *Lynn's Food Stores*, 679 F.2d at 1353-54.  Accordingly, the parties request that

the Court approve the fairness of the settlement and enter the attached proposed Judgment approving their settlement. The parties specifically request that the Court retain jurisdiction over this matter to ensure compliance with the payment terms in the settlement, which are triggered based on the entry of an order by the Court approving the settlement. (Ex. 1) (payment to be made to Plaintiffs within five business days); *see Kikkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-82 (1994).

Respectfully submitted this 21st day of July, 2025.

*/s/ James M. Knoepp*
James M. Knoepp
Georgia Bar No. 366241
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Phone: (828) 379-3169
jim@dawsonmorton.com

*/s/ Dawson Morton*
Dawson Morton
Georgia Bar No. 525985
Dawson Morton, LLC
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
dawson@dawsonmorton.com

*Attorneys for Plaintiffs*

*/s/ D. Bobo Mullens, III*
D. Bobo Mullens, III
Georgia Bar No. 258029
Amelia C. Stevens
Georgia Bar No. 758771
OLIVER MANER LLP
218 W. State Street
Savannah, Georgia 31401
912-236-3311
dbmullens@olivermaner.com
astevens@olivermaner.com

*Attorneys for Defendant O. Rea & Sons Harvesting & Hauling, Inc.*

*/s/ Christian J. Steinmetz III*
CHRISTIAN J. STEINMETZ III
Georgia Bar No. 278260
GANNAM, GNANN & STEINMETZ, LLC
P.O. Box. 10085
Savannah, Georgia 31412
912-232-1192
cjs@ggsattorneys.com
*Attorney for Defendants Oswaldo Rea and Yesenia Merino*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date I electronically filed the foregoing using the Court's CM/ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

Christian J. Steinmetz
GANNAM, GNANN & STEINMETZ, LLC
P.O. Box 10085
Savannah, Georgia 31412
cjs@ggsattorneys.com

D. Bobo Mullens, III
Amelia C. Stevens
OLIVER MANER LLP
218 W. State Street
Savannah, Georgia 31401
dbmullens@olivermaner.com
astevens@olivermaner.com

                                              /s/ James M. Knoepp
                                              James M. Knoepp
                                              Georgia Bar No. 366241

this 21st day of July, 2025.