# EXHIBIT 1
# SETTLEMENT AGREEMENT

# Settlement Agreement and Release

Date:   July 15, 2025
Re:    *Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al*,
        United States District Court for the Southern District of Georgia
        Statesboro Division Case 6:25-cv-34 ("the lawsuit")
By:    Hector Enrique-Garcia ("Releasor" or "Plaintiff")
        Baltazar Enrique-Garcia ("Releasor" or "Plaintiff")
        O. Rea & Sons Harvesting & Hauling, Inc. ("Released Party" or "Defendant")
        Oswaldo Rea ("Released Party" or "Defendant")
        Yesinia Merino ("Released Party" or "Defendant")

That on the day and year above written, the above parties, each represented by and with the assistance of counsel, as evidenced by their respective signatures below, and subject to being approved by the Court under the Fair Labor Standards Act (29 U.S.C. § 216(b)), have reached a settlement of all claims brought in the lawsuit for which they execute this Settlement Agreement and Release for purposes of seeking the requisite Court approval to resolve these claims.

The terms of the settlement are as follows:

1. In return for the execution of this Settlement Agreement and Release and the agreement to resolve all claims asserted in the lawsuit with prejudice, Released Parties shall pay the sum of $10,000.00 to each Releasor (for a total of $20,000.00) by delivery of proceeds to Releasors' lawyers within five (5) business days of the District Court's approval of the settlement as required under 29 U.S.C. § 216(b)) and the entry of a final judgment in the lawsuit and marking the claims resolved with prejudice as to all Released Parties;

2. In addition to the above, Released Parties shall pay the sum of $5,000.00 per Releasor (for a total of $10,000.00)[1] to Releasors' lawyers within five (5) business days of the District Court's approval of the settlement as required under 29 U.S.C. 216(b)) and the entry of Dismissal of the lawsuit with prejudice as to all Released Parties;

3. In consideration for the above, and pending approval by the Court, Releasors agree to release all claims that they raised against Defendants in their lawsuit pursuant to the Fair Labor Standards Act and for breach of their employment contracts for work performed for Defendants in Georgia and work performed for Defendants in North Carolina during the time period alleged in the Complaint, as was set forth in Counts I-III of their Complaint.

4. NOT a General and Total Release: All parties have been advised by their counsel that this

---

[1] Which payment represents roughly $4,800.00 in attorneys' fees per Releasors and approximately $200.00 in litigation costs (filing fees divided by 2) per Releasor. It is noted that Released Parties each saved Releasors the costs of service of process by directing their counsel to waive formal service and acknowledge the same on each's behalf.

Settlement Agreement and Release
Re:     Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al
        U.S. District Court, S.D.GA, Statesboro Division 6:25-cv-34
Page 2 of 3

_____

is not a general and total release, but, instead, and in accordance with the Fair Labor Standards Act, it is a specific release for all claims Releasors have against Released Parties which Releasors specifically pled in the lawsuit.

5.   Compromise: The parties expressly acknowledge and agree that the settlement hereunder is not to be construed as an admission of liability, but instead is a settlement of disputed claims.

6.   Releasors agree to indemnify and hold harmless the Released Parties, their attorneys and all others in privity with them, from any claims by, through, and/or under Releasors with respect to any valid liens asserted against either or both Releasors related to the claims asserted in the lawsuit.  Indemnification is limited only to valid liens of record made for the Releasors' claims raised in the lawsuit and such indemnification shall not exceed the consideration paid to Releasors.  However, as a condition precedent to this indemnification provision, the Released Parties must give the Releasors or their counsel reasonable notice prior to paying any additional sums, so that the Releasors can defend against any frivolous claims.  If this does not happen, it is understood that the Releasors will have no obligation to indemnify.  No indemnification is provided for similar claims not the subject of any lien on Releasors' claims.

7.   All parties will operate in good faith in consideration of this settlement and agree to execute and approve all paperwork necessary for their lawyers to secure the requisite Court approval of the settlement terms required under the Fair Labor Standards Act (29 U.S.C. § 216(b)) to obtain a Final Order and Judgment with respect to all claims lodged against all parties within the lawsuit.  The Parties agree to request that the Court retain jurisdiction over the lawsuit for the purpose of ensuring compliance with the Settlement Agreement and Release's payment terms.

8.   Should the Court decline to approve this Settlement Agreement and Release then it shall immediately become null and void and the parties shall return to litigating the lawsuit.

9.   This Settlement Agreement and Release represents all agreements between the parties, and each party warrants that there are no other agreements, oral or written, between the parties that are not contained herein.  It may be executed in counterparts which together form a single agreement.  An electronic signature or electronic scan of a party's signature shall have the same force and effect as an Original.

10.  In making this Release, Releasors warrant that they are relying wholly upon their own judgment, belief and knowledge of the nature, extent and duration of said claims. Releasors also warrant that they have not been coerced to any extent whatever in making this Release.  By execution of this release, Releasors attest and warrant that they have

Settlement Agreement and Release
Re:   Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al
        U.S. District Court, S.D.GA, Statesboro Division 6:25-cv-34
Page 3 of 3
_____

read this Release or had it read to them and that they understand its contents and the legal effects of its execution. Releasors further attest and expressly warrant that they have conferred with their legal counsel about this Release and the legal effects of its execution.

11.   This Settlement Agreement and Release shall be construed and interpreted under the laws of the United States of America, and each party stipulates that proper venue for any dispute arising out of this Release shall be the U.S. District Court for the Southern District of Georgia, Statesboro Division.

   IN WITNESS WHEREOF, this Settlement Agreement and Release consisting of 3 total pages is averred, declared, and delivered by the undersigneds under penalty of perjury in accordance with 28 U.S.C. § 1746.

RELEASORS / PLAINTIFFS:

*/s/ H. Enriqez*
_____
HECTOR ENRIQUE-GARCIA, Releasor/Plaintiff


_____
BALTAZAR ENRIQUE-GARCIA, Releasor/Plaintiff

RELEASED PARTIES / DEFENDANTS:

O. REA & SONS HARVESTING & HAULING, INC.

_____
By:     OSWALDO REA
Its:     Authorized Agent
As:     Released Party / Defendant

_____
OSWALDO REA, Released Party/Defendant

_____
YESINIA MERINO, Released Party/Defendant

Settlement Agreement and Release
Re: <u>Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al</u>
U.S. District Court, S.D.GA, Statesboro Division 6:25-cv-34
Page 3 of 3
___

read this Release or had it read to them and that they understand its contents and the legal effects of its execution. Releasors further attest and expressly warrant that they have conferred with their legal counsel about this Release and the legal effects of its execution.

11. This Settlement Agreement and Release shall be construed and interpreted under the laws of the United States of America, and each party stipulates that proper venue for any dispute arising out of this Release shall be the U.S. District Court for the Southern District of Georgia, Statesboro Division.

IN WITNESS WHEREOF, this <u>Settlement Agreement and Release</u> consisting of 3 total pages is averred, declared, and delivered by the undersigneds under penalty of perjury in accordance with 28 U.S.C. § 1746.

RELEASORS / PLAINTIFFS:

_____
HECTOR ENRIQUE-GARCIA, Releasor/Plaintiff

*[signature: B. Enrl]*

_____
BALTAZAR ENRIQUE-GARCIA, Releasor/Plaintiff

RELEASED PARTIES / DEFENDANTS:

O. REA & SONS HARVESTING & HAULING, INC.

_____
By:   OSWALDO REA
Its:   Authorized Agent
As:   Released Party / Defendant

_____
OSWALDO REA, Released Party/Defendant

_____
YESINIA MERINO, Released Party/Defendant

Settlement Agreement and Release
Re:     Hector Enrique-Garcia, et al vs. O. Rea & Sons Harvesting & Hauling, Inc., et al
        U.S. District Court, S.D.GA, Statesboro Division 6:25-cv-34
Page 3 of 3

_____

read this Release or had it read to them and that they understand its contents and the legal effects of its execution. Releasors further attest and expressly warrant that they have conferred with their legal counsel about this Release and the legal effects of its execution.

11.    This Settlement Agreement and Release shall be construed and interpreted under the laws of the United States of America, and each party stipulates that proper venue for any dispute arising out of this Release shall be the U.S. District Court for the Southern District of Georgia, Statesboro Division.

IN WITNESS WHEREOF, this <u>Settlement Agreement and Release</u> consisting of 3 total pages is averred, declared, and delivered by the undersigneds under penalty of perjury in accordance with 28 U.S.C. § 1746.

RELEASORS / PLAINTIFFS:

_____
HECTOR ENRIQUE-GARCIA, Releasor/Plaintiff

_____
BALTAZAR ENRIQUE-GARCIA, Releasor/Plaintiff

RELEASED PARTIES / DEFENDANTS:

O. REA & SONS HARVESTING & HAULING, INC.

_____
By:    OSWALDO REA
Its:   Authorized Agent
As:    Released Party / Defendant

_____
OSWALDO REA, Released Party/Defendant

_____
YESINIA MERINO, Released Party/Defendant