# EXHIBIT 3
# DECLARATION OF JAMES KNOEPP

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| HECTOR ENRIQUE-GARCIA, BALTAZAR ENRIQUE-GARCIA, on behalf of themselves and others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>O. REA & SONS HARVESTING & HAULING, INC., OSWALDO REA, individually, YESENIA MERINO, individually, <br><br>Defendants. | Case No. 6:25-cv-00034-JRH-BKE |

## DECLARATION OF JAMES KNOEPP

1. I am one of Plaintiffs' attorneys in this matter. I work with my partner, Dawson Morton, at our two-person firm, Dawson Morton, LLC, primarily representing migrant workers in employment litigation.

2. I am admitted to practice in the state of South Carolina, the state of Georgia, the United States Court of Appeals for the 8th, 9th, and 11th Circuits, the Northern, Southern, and Middle Districts of Georgia, and the District of Colorado. I earned my Juris Doctor Degree, *cum laude*, from Loyola of Los Angeles Law School in 1998, and was admitted to practice in the state of Florida the same year. I was admitted to practice in the Commonwealth of Virginia in 2001, in the state of Georgia in 2008, and in the state of South Carolina in 2016. I retired from the Florida bar in good standing and currently hold Associate status (in good standing) with the Virginia bar.

3. Prior to starting my current position at Dawson Morton, LLC in August of 2024, I worked for 16 years at the Southern Poverty Law Center (SPLC). During my time at SPLC I

worked in various positions, including as Staff Attorney, Senior Staff Attorney, Senior Supervising Attorney, Deputy Legal Director of the Immigrant Justice Project, and as the organization's General Counsel.  Prior to my employment at the SPLC, I was the Litigation Director for the Legal Aid Justice Center in Charlottesville, Virginia.  Prior to that position I served as a Staff Attorney and then Legal Director of the Virginia Justice Center for Farm and Immigrant Workers, a project of the Legal Aid Justice Center.  Prior to that position I was a Skadden, Arps, Slate, Meagher, and Flom fellowship recipient where I worked with Florida Legal Services, Inc.'s Migrant Farmworker Justice Project.

4. During my tenure with the Migrant Farmworker Justice Project, the Virginia Justice Center/Legal Aid Justice Center, and the SPLC I have represented thousands of migrant workers involved in litigation related to unpaid wages under the Fair Labor Standards Act ("FLSA") similar to the claims raised in this case.

5. Much of my practice over the last 27 years has focused on the legal rights of H-2A and H-2B workers who migrate from foreign countries to work temporarily in the United States.  I have extensive knowledge of the rules and regulations that govern the H-2A program, as well extensive knowledge regarding the FLSA.

6. I speak, read, and write in Spanish and have communicated with the Plaintiffs in this case exclusively in Spanish.

7. Defendants' counsel sent Plaintiffs' counsel a settlement offer in this case that offered the Plaintiffs $10,000 each to settle their claims and a separate offer to resolve any claims for costs and attorneys' fees for an additional $10,000.

8. After receiving the offer from Defendants' counsel, I requested that they provide complete payroll information regarding the Plaintiffs' work with the Defendants between 2021 and 2023 so that the offer could be properly evaluated by counsel and the Plaintiffs.

9. I reviewed the payroll records provided by the Defendants in consultation with the Plaintiffs and performed calculations regarding potential damages owed to the Plaintiffs under both the FLSA and for their breach of contract claims. I determined, based on my years of experience handling similar cases, that the offers made to the Plaintiffs fully compensated them for their FLSA claims, including 100% liquidated damages on those claims, and included additional compensation for their breach of contract claims.

10. During the course of my firm's representation of the Plaintiffs in this matter my partner Dawson Morton and I have kept contemporaneous time records in our firm's time and case management software system. I have reviewed those time records for the purpose of filing this motion and Mr. Morton and I—who both have the same level of experience as attorneys—spent 47.5 hours working on this matter to date. That includes 31.6 hours conducting factual investigation, legal research, and preparing and filing the Complaint, and 15.9 hours working on issues related to settlement, including the preparation of this joint motion and its exhibits.

11. My firm advanced the $405 filing fee to file the Complaint. Plaintiffs have not incurred any other costs to date. The filing fee expense will be paid from the $10,000 costs and attorneys' fee payment to be made by Defendants if the Court approves the settlement. The Plaintiffs' recovery of $10,000 each will not be reduced in any way by either costs or attorneys' fees.

12. Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I declare that the foregoing facts are true and correct to the best of my knowledge.

Executed on July 15, 2025.

                                                                                         James Knoepp