IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
HECTOR ENRIQUE-GARCIA and    *
BALTAZAR ENRIQUE-GARCIA,     *
                             *
     Plaintiffs,             *
                             *
     v.                      *    CV 625-034
                             *
O. REA & SONS HARVESTING &   *
HAULING, INC.; OSWALDO REA;  *
and YESENIA MERINO,          *
                             *
     Defendants.             *
```

**O R D E R**

Before the Court is the Parties' "Joint Motion to Approve Fair Labor Standards Act Settlement." (Doc. 9.) Plaintiffs assert claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, and seek to recover unpaid overtime wages, pre-employment expenses, liquidated damages, and attorneys' fees and costs. (Doc. 1, at 1-2.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. For the following reasons, the Parties' motion is **GRANTED**.

**I. DISCUSSION**

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best

Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections. Barrentine, 450 U.S. at 740. Accordingly, FLSA provisions are not subject to bargaining, waiver, or modification either by contract or settlement, except for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citation omitted). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the

2

employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

**A. Bona Fide Dispute**

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id.; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer.").

Plaintiffs filed suit for unpaid overtime wages and pre-employment expenses and are represented by counsel, suggesting a true adversarial conflict exists. (Doc. 1, at 1, 3-4.) Defendants deny they are liable to Plaintiffs under the FLSA. (Doc. 9, at 4.) The Parties dispute whether Plaintiffs were eligible for reimbursement of pre-employment expenses and whether Plaintiffs

3

were fully reimbursed for such pre-employment expenses. (Id. at 3.) The Parties also dispute whether the individual Defendants are liable to Plaintiffs under the FLSA and whether Defendants acted willfully under the FLSA such that a three-year statute of limitations applies. (Id.) Finally, the Parties dispute whether Defendants properly recorded and paid the Plaintiffs for all the hours they worked. (Id.) Based on this, the Court finds the presence of a bona fide dispute and turns to the fairness and reasonableness of the settlement.

## B. Fairness and Reasonableness of Settlement Amount

"[W]here a plaintiff agrees to accept less than [her] full FLSA wages and liquidated damages, [she] has compromised [her] claim." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Defendants agreed to pay each Plaintiff $10,000 to settle the FLSA and breach of contract claims. (Doc. 9, at 4.) Courts have considered several factors in determining whether a FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts,

4

however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010 WL 11626713, at *2 (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Here, the Parties did not submit payroll records or other documentation stating the number of hours and rate that the Plaintiffs worked, so the Court cannot discern the wages or liquidated damages that Plaintiffs are entitled to under the FLSA. However, Plaintiffs submitted a declaration from Plaintiffs' counsel stating the settlement amount to be paid by Defendants fully compensates Plaintiffs on their FLSA and breach of contract claims and provides them with liquidated damages. (Doc. 9-3, ¶ 9.) Plaintiffs' counsel made this statement based on his significant experience representing migrant workers in similar cases and after reviewing the payroll records provided by Defendant and the pre-employment expenses. (Id.; Doc. 9, at 4.) Although Plaintiffs did not submit their calculated back wages for the FLSA claims, the Court finds the proposed agreement fair and reasonable because it provides Plaintiffs complete relief plus complete liquidated damages for back wages under the FLSA. (Doc. 9, at 4).

The Court finds the settlement amount is fair and reasonable in consideration of the relevant factors. First, the Court finds no evidence of fraud and collusion or lack of independent representation. (Id. at 3-4.) Second, the underlying facts are

highly contested, so the Parties seek to avoid the time and expense associated with further litigation. (Id. at 4.) Finally, Plaintiffs' counsel determined, based on years of experience handling similar cases, that the settlement agreement was fair and reasonable with respect to the strength of Plaintiffs' claims and range of recovery. (Id.; Doc. 9-3, at ¶ 9.) Therefore, upon evaluating the relevant factors, the Court finds the settlement amount is fair and reasonable.

**C. Fairness and Reasonableness of Fees and Costs**

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

6

reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for the Court is Statesboro, Georgia.

Plaintiffs' counsel is to receive $10,000 in attorney's fees and costs.[1] (Doc. 9, at 4.) The Parties contend this total was negotiated separately from the settlement offer and is not based on the amounts being paid to Plaintiffs. (Id. at 5.) Plaintiffs' attorneys have expended 47.5 hours to date on this case. (Id.) When analyzing the attorney's fees under the lodestar method, "Plaintiffs' counsel has essentially agreed to waive a substantial portion of their potential FLSA fee entitlement in order to quickly resolve this matter for the Plaintiffs." (Id.) From dividing the 47.5 hours expended by the $10,000 in attorney's fees, Plaintiffs' counsel billed around $210.00/hour. Based on the Statesboro market, the Court approves Plaintiff's hourly rate. See Norman v. BPR Brampton LLC, No. 6:20-CV-95, 2021 WL 5507227, at *4 (S.D. Ga. Nov. 24, 2021) (finding hourly rate of $250.00 to be reasonable in Statesboro for attorney with ten years of experience); Neville v.

---

[1] The Parties proposed Settlement Agreement and Release states that Plaintiffs' counsel will receive $5,000 per plaintiff, totaling $10,000 in attorney's fees. (Doc. 9-1, at 2.) The only cost incurred was a $405 filing fee, which will be paid from the attorney's fees and not from Plaintiffs' recovery. (Doc. 9, at 6.)

McCaghren, No. CV 617-075, 2019 WL 1085197, at *1 (S.D. Ga. Mar. 7, 2019) (approving rate of $250.00/hour in Statesboro).

The Court now turns to the amount of time for which Plaintiff's attorney seeks to be compensated. Although Plaintiffs did not submit line-item time entries, Plaintiffs state out of the 47.5 hours expended, 31.6 hours included interviewing Plaintiffs, conducting factual investigation, legal research, and preparing and filing the complaint, and 15.9 hours included working on issues related to settlement including preparing the joint motion. (Doc. 9, at 5.)  A review of the time expended reveals Plaintiff's requested number of hours is reasonable. (Id.)  Therefore, the Court finds the total hours spent to be reasonable and takes no issue with the total amount of fees and costs requested.

### D. Other FLSA Concerns

Other traditional concerns with FLSA settlements involve general, pervasive release and confidentiality provisions.  In this case, the release is explicitly limited to claims under the FSLA and for breach of Plaintiffs' employment contracts for work performed for Defendants in Georgia and North Carolina. (Doc. 9-1, ¶¶ 3-4.)  Also, the settlement contains no confidentiality provision. (See Doc. 9-1.)  The Court therefore finds no issues with the proposed settlement agreement.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' "Joint Motion to Approve Fair Labor Standards Act Settlement" (Doc. 9) is **GRANTED,** and the Settlement Agreement and Release (Doc. 9-1) is **APPROVED.**

The Parties' Joint Motion stipulates to the dismissal of this action with prejudice upon approval of the Settlement Agreement and Release. Accordingly, **IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to **TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of November, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA